SEP 28 2026 PM2:05
FILED - USDC - FLMD - TPA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

---

TARA-LENNETTE HINES,
Plaintiff,
Case No. 8:26-CV-02971-JLB-AEP
vs.
POLK COUNTY, FLORIDA, a political subdivision;
CARRINGTON MORTGAGE SERVICES, LLC;
BRIDGEFORD CROSSING HOMEOWNERS' ASSOCIATION, INC.;
KAYE BENDER REMBAUM, P.L.;
DAVID M. DILTS, ESQ., individually and in his official capacity;
ATLAS SOLOMON LLP;
LENDER LEGAL PLLC,
Defendants.

---

# COMPLAINT FOR CIVIL RIGHTS VIOLATIONS

**42 U.S.C. § 1983 — DEPRIVATION OF CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW**

**TITLE II, AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12132**

**FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, § 501.204, FLA. STAT.**

**JURY TRIAL DEMANDED ON ALL COUNTS**

## I. INTRODUCTION

1. This is a civil rights action brought by Tara-Lennette Hines, a disabled homeowner and Social Security Disability recipient, against state actors and private parties who have, under color of state law, systematically deprived her of constitutional rights to due process, equal protection, and meaningful access to courts — while simultaneously engaging in documented deceptive trade practices under Florida consumer protection law. The cumulative effect of this conduct is the functional elimination of Plaintiff's right to appellate review of her homestead property — a right the United States Supreme Court has held cannot be conditioned on the ability to pay. M.L.B. v. S.L.J., 519 U.S. 102 (1996).

2. With respect to Carrington Mortgage Services, LLC: the United States Bankruptcy Court has ruled that Carrington's mortgage statement does not violate the federal discharge injunction under 11 U.S.C. § 524 because it contains a proper disclaimer (In re Hines, Case No. 8:23-bk-04718-RCT, August 18, 2026). Plaintiff does not re-argue that ruling here. The FDUTPA Count

IFP

in this complaint is based on an independent Florida consumer protection standard — whether the conduct was likely to mislead a consumer acting reasonably — which the Bankruptcy Court did not address and which is not preempted by federal bankruptcy law.

## II. JURISDICTION AND VENUE

3. Federal question jurisdiction: 28 U.S.C. §§ 1331 and 1343; 42 U.S.C. § 1983; 42 U.S.C. § 12132 (ADA Title II). Supplemental jurisdiction: 28 U.S.C. § 1367 (FDUTPA claims). Venue: Middle District of Florida, Tampa Division, 28 U.S.C. § 1391(b).

## III. PARTIES

4. Plaintiff Tara-Lennette Hines — disabled resident of Polk County, Florida; three strokes sustained during this litigation; sole income approximately $2,500/month SSI/SSDI; determined indigent by Polk County Clerk June 25, 2026 (Filing No. 250910639 — public record).

5. Defendant Polk County, Florida — political subdivision; operates Polk County Clerk of Court and funds the Tenth Judicial Circuit. Public entity subject to Title II of the ADA.

6. Defendant Carrington Mortgage Services, LLC — Delaware LLC; registered agent in Florida: CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

7. Defendant Bridgeford Crossing Homeowners' Association, Inc. — Florida not-for-profit corporation; registered agent: Don Asher & Associates, 1801 Cook Ave, Orlando, Florida 32806.

8. Defendant Kaye Bender Rembaum, P.L. — Florida professional limited liability company representing the HOA in all proceedings described herein.

9. Defendant David M. Dilts, Esquire (Florida Bar No. 68615) — attorney at Kaye Bender Rembaum who filed the HOA fees motion on July 10, 2026, six months after the Bankruptcy Court's January 8, 2026 Order expressly warned Bridgeford HOA by name against seeking personal judgments against Plaintiff.

10. Defendant Atlas Solomon LLP — law firm representing Carrington in appellate proceedings.

11. Defendant Lender Legal PLLC — law firm whose fees motion was granted by the 6th DCA July 29, 2026, and remanded for assessment against an indigent pro se appellant. Carrington's own CFPB response dated July 8, 2026 identifies Lender Legal PLLC and Bradford Petrino, Esq. as Carrington's legal counsel in these proceedings. (Exhibit C.)

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff's Background

12. On February 1, 2024, the Bankruptcy Court entered a Chapter 7 Discharge in Case No. 8:23-bk-04718-RCT (public record). On January 8, 2026, the Bankruptcy Court confirmed in rem-only jurisdiction with a named warning to Bridgeford HOA against seeking personal judgments against Plaintiff (public record). Plaintiff has suffered three strokes during this litigation and continues pro se.

**B. The Substantive Appeals — Fully Briefed, No Ruling**

13. Plaintiff has two substantive appeals fully briefed and pending — Case No. 6D2026-0391 (Carrington, briefed July 31, 2026) and Case No. 6D2026-0693 (HOA, briefed July 2, 2026) — at the Florida Sixth District Court of Appeal, with no ruling. Both raise serious legal issues including a void mortgage assignment, INACTIVE MERS MIN 1002882-2401011078-8, Ginnie Mae Pool CL3784CSF securitization gap, two IRS Form 1099-C debt cancellation documents, and documented judicial conflict of interest evidence — all either ignored in the lower court judgments or not yet ruled upon.

**C. The Sequential Imposition of Financially Impossible Conditions — Confirmed by Public Docket Records**

14. While both appeals sit fully briefed and undecided, the following financial conditions have been sequentially imposed under color of state law, all confirmed by public court docket records:

| | |
|---|---|
| Monthly SSI/SSDI Income | $2,500.00 |
| **Carrington Mortgage Registry Payment — Circuit Court Order April 8, 2026 (Case No. 2024-CA-002573)** | **- $961.93** |
| **HOA Registry Payment — County Court Order September 21, 2026 (Case No. 2022-CC-005863)** | **- $227.70** |
| **Essential Medical Transportation — Car Payment** | **- $739.00** |
| **REMAINING FOR FOOD, MEDICINE, UTILITIES, AND ALL LIVING EXPENSES** | **$571.37** |

15. Outstanding non-monthly court-assessed balances of $1,406.00 arise from the same proceedings ($413.00 in Case No. 2024-CA-002573; $828.50 in Case No. 2022-CC-005863; $164.50 in Appeal No. 6D2026-1647). Six consecutive monthly payments of $961.93 are confirmed by Receipt Nos. 10929357, 10953362, 10990059, 11029037, 11063701, and 11101537 in Case No. 2024-CA-002573 — demonstrating perfect compliance before and during the filing of this complaint.

16. No court has analyzed the combined financial burden across proceedings. The cumulative effect — $1,928.63/month in obligations on $2,500/month income, leaving $571.37 for all living expenses for a disabled person who has suffered three strokes — was created by sequential action of multiple state courts without any individual court accounting for what others had already imposed on the same indigent appellant in related proceedings on the same property.

**D. The Documented Judicial Conflict of Interest**

17. Plaintiff filed evidence in the lower court record twice showing that HOA Case No. 2022-CC-005863 carries CUSIP 693389868, connected to the PIMCO Short Duration Municipal Income Fund (Portfolio Assets: $2,962,244,000 as of August 2023) (Exhibit B — attached). Both final judgments are entirely silent on this evidence. No judge has disclosed or addressed the conflict of interest question despite it being squarely raised and documented on two separate occasions.

**E. Carrington's Deceptive Conduct — Proven by Carrington's Own Admissions**

18. On July 8, 2026, Carrington filed its formal response to CFPB Complaint No. 260521-33023945. (Exhibit C — Carrington's CFPB Response, July 8, 2026.) In that response, Carrington made three express written admissions:

**Admission 1: "The records show that the borrower was discharged from personal liability of the mortgage on February 1, 2024."**

**Admission 2: "We were unable to find any evidence that the borrower reaffirmed the mortgage debt prior to obtaining the discharge."**

**Admission 3: "This correspondence is not an attempt to collect a debt."**

19. These admissions establish conclusively that as of July 8, 2026, Carrington's own records confirmed: (a) Plaintiff's personal liability was discharged; (b) Plaintiff never reaffirmed the debt; and (c) Carrington was not attempting to collect a personal debt from Plaintiff. Carrington's own CFPB response also identifies Defendant Lender Legal PLLC and Bradford Petrino, Esq. as Carrington's legal counsel — confirming the coordination between Carrington and its counsel Defendants in the conduct described herein.

20. Nine days after making these admissions, Carrington issued a Monthly Mortgage Statement dated July 17, 2026 (Account No. 4000852227) (Exhibit A — attached) that simultaneously: contained a disclaimer stating the statement is "not an attempt to collect a debt against you"; demanded $110,356.01 in personal payment due August 1, 2026 with a detachable payment coupon; billed $510.00 in unauthorized foreclosure attorney fees (July 7, 2026 transaction); and reported six consecutive months of "Unpaid balance of $2,269.64" in Account History.

21. The nine-day sequence — July 8 written admission that Carrington is "not attempting to collect a debt" followed by July 17 demand for $110,356.01 from the same person on the same account — establishes deceptive conduct under the FDUTPA standard beyond any arguable doubt. The Bankruptcy Court ruled on August 18, 2026 that the disclaimer was adequate under the federal § 524 standard. That ruling does not address or preempt the independent Florida

FDUTPA standard — whether the conduct was likely to mislead a consumer acting reasonably. A consumer who receives a company's written admission that it is not attempting to collect a personal debt, followed nine days later by a $110,356.01 personal payment demand from the same company on the same account, would reasonably be misled about their actual legal obligations.

22. On July 28, 2026 — twenty days after the CFPB admissions and eleven days after the $110,356.01 demand — Carrington filed a Motion for Appellate Attorneys' Fees in Case No. 6D2026-0391 (public record), seeking a personal fee award against Plaintiff. Filing a motion for personal attorneys' fees against a consumer twenty days after admitting in writing that you are not attempting to collect a personal debt from that consumer constitutes a deceptive trade practice under FDUTPA regardless of the BK court ruling.

**F. The HOA Attorneys' Fees Motion Filed in Defiance of Named Judicial Warning**

23. On July 10, 2026, Defendant David M. Dilts, Esq. filed a Motion for Prevailing Party Attorneys' Fees against Plaintiff in Case No. 6D2026-0693 (public record), seeking a personal judgment — six months after the Bankruptcy Court's January 8, 2026 Order expressly warned Bridgeford HOA by name that seeking a personal judgment against Plaintiff "may" constitute a violation of the discharge injunction. This filing was made in knowing defiance of a named federal judicial warning.

## V. CAUSES OF ACTION

### COUNT I — 42 U.S.C. § 1983 — DUE PROCESS (Against Polk County)

24. The sequential imposition of financial conditions totaling $1,928.63/month on an indigent, disabled appellant with $2,500/month income — while two substantive appeals sit fully briefed and undecided — deprives Plaintiff of liberty and property without due process of law in violation of the Fourteenth Amendment. M.L.B. v. S.L.J., 519 U.S. 102 (1996); Griffin v. Illinois, 351 U.S. 12 (1956); Boddie v. Connecticut, 401 U.S. 371 (1971).

### COUNT II — 42 U.S.C. § 1983 — EQUAL PROTECTION (Against Polk County)

25. The imposition of financial conditions that make appellate participation impossible for an indigent, disabled appellant — while financially capable, represented parties face no such barriers — constitutes denial of equal protection in violation of the Fourteenth Amendment.

### COUNT III — ADA TITLE II, 42 U.S.C. § 12132 (Against Polk County)

26. Defendants' failure to provide Plaintiff meaningful access to court services without accommodation for her disability, and the sequential imposition of financial conditions a non-disabled person would not face, constitutes discrimination on the basis of disability in violation of Title II of the ADA. Tennessee v. Lane, 541 U.S. 509 (2004).

**COUNT IV — FDUTPA, § 501.204, FLA. STAT. (Against Carrington Mortgage Services, LLC)**

27. Carrington's conduct constitutes multiple independent violations of Florida Statutes § 501.204, proven by Carrington's own documented admissions: (a) on July 8, 2026, Carrington admitted in writing it was not attempting to collect a personal debt from Plaintiff; (b) nine days later Carrington demanded $110,356.01 in personal payment from Plaintiff on the same account; (c) Carrington billed $510.00 in unauthorized fees during a pending appeal; (d) Carrington reported six months of false personal balances; and (e) Carrington filed a personal fees motion twenty days after admitting it was not attempting to collect a personal debt. This count is based on the Florida FDUTPA standard, not the federal § 524 standard addressed by the Bankruptcy Court, and is not preempted by the Bankruptcy Court's August 18, 2026 ruling. Plaintiff is entitled to actual damages, attorney's fees under § 501.2105, and civil penalties of up to $10,000 per violation under § 501.2075.

**COUNT V — 42 U.S.C. § 1983 — FIRST AMENDMENT RIGHT TO PETITION (Against All Defendants)**

28. The coordinated imposition of financial conditions, fees awards, and deceptive conduct described herein has the purpose and effect of suppressing Plaintiff's exercise of her constitutional right to petition courts for redress, in violation of the First Amendment and 42 U.S.C. § 1983.

**VI. RELIEF REQUESTED**

1. Preliminary and permanent injunction enjoining Polk County from enforcing the financial conditions in Case Nos. 2024-CA-002573 and 53-2022-CC-005863 pending resolution of this action and the appeals in Case Nos. 6D2026-0391 and 6D2026-0693;

2. Declaration that the cumulative financial conditions violate Plaintiff's rights under the Fourteenth Amendment, Title II of the ADA, and 42 U.S.C. § 1983;

3. Compensatory damages against Carrington for its FDUTPA violations — proven by Carrington's own July 8, 2026 admissions and the nine-day sequence to the July 17 personal payment demand;

4. Punitive damages against Carrington sufficient to deter the systematic practice of admitting no personal debt collection and then demanding personal payment nine days later;

5. Reasonable attorney's fees and costs under 42 U.S.C. § 1988 and Florida Statutes § 501.2105;

6. An order requiring disclosure of any financial interests held by judges who presided over Plaintiff's cases in the PIMCO Short Duration Municipal Income Fund (CUSIP 693389868);

7. Such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable pursuant to the Seventh Amendment and Federal Rule of Civil Procedure 38.

/s/ Tara-Lennette Hines

**Tara-Lennette Hines, Plaintiff, Pro Se**

1 South Blvd E, PMB 153, Davenport, Florida 33837

321-370-8637 | tradford0302@gmail.com

Date: September 23rd, 2026

**PHYSICAL ATTACHMENTS (three documents not on any public court docket):**

Exhibit A — Carrington Monthly Mortgage Statement, Account No. 4000852227, dated July 17, 2026

Exhibit B — CUSIP Results, PIMCO Short Duration Municipal Income Fund, CUSIP 693389868

Exhibit C — Carrington Mortgage Services LLC Response to CFPB Complaint No. 260521-33023945, dated July 8, 2026 (containing three express written admissions: discharge confirmed; no reaffirmation; "not an attempt to collect a debt" — issued nine days before the $110,356.01 personal payment demand in Exhibit A)

**ALL OTHER EVIDENCE REFERENCED BY PUBLIC COURT DOCKET RECORD:**

• BK Discharge Feb 1, 2024 — Case No. 8:23-bk-04718-RCT (flmb.uscourts.gov)

• BK In Rem-Only Order Jan 8, 2026 — Case No. 8:23-bk-04718-RCT

• BK Order August 18, 2026 (§ 524 ruling only — not FDUTPA) — Case No. 8:23-bk-04718-RCT

• Indigency Determination June 25, 2026 — Filing No. 250910639 (Polk County Circuit Court)

• Registry Payment Order April 8, 2026 — Case No. 2024-CA-002573

• Payment receipts April-September 2026 — Receipt Nos. 10929357, 10953362, 10990059, 11029037, 11063701, 11101537

• Supersedeas Bond Order September 21, 2026 — Case No. 53-2022-CC-005863